# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY A. MARSH-MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-137 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| ERIE COUNTY COLLECTIONS-COURT BUREAU, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., District Judge.

On June 27, 2011, Plaintiff Mary A. Marsh-Mathis, proceeding *pro se*, initiated this action by filing a Motion for Leave to Proceed In Forma Pauperis. [ECF No. 1]. By Order dated September 15, 2011, the Motion was granted by the Court. Thereafter, the following documents were filed: Complaint [ECF No. 4]; Motion to Amend/Correct Complaint [ECF No. 5]; a document entitled "Emergency Appeal Court of Conscience and Equitable Relief" [ECF No. 7]; and sixteen (16) Motions seeking various forms of relief. [ECF No. 8] – [ECF No. 23]. Named as Defendants in this action are the "Erie County Collections-Court Bureau", "United States Govt.", and the "State of Pennsylvania." [ECF No. 4] Complaint p. 1.

Under 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time" if it determines that certain conditions are met, including that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).[1] A complaint "is frivolous where it lacks

---

[1] Section 1915(e) states, in pertinent part:
  **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
  * * *
  **(B)** the action nor appeal—
   **(i)** is frivolous or malicious;
   **(ii)** fails to state a claim on which relief may be granted; or
   **(iii)** seeks monetary relief against a defendant who is immune from such relief.

1

an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1993) (quoting *Neitzke*, 490 U.S. at 327-29). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

Because Plaintiff is proceeding *pro se*, her complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3rd Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Plaintiff's "Complaint" consists of 22 pages, 10 of which are copies of documents filed in a case styled "Mary A. Marsh-Mathis – Heir Rightful Heir War Crimes Victim v. The Commonwealth[,] Erie County – Borough[,] United States Government[.] All Allies[,] Agencies, Agents, Political Affiliates[,] Systems of Governance Foreign and Domestic, Public and Private" at Docket No. 12290-11, in the Court of Common Pleas of Erie County, Pennsylvania. [ECF No. 4] pp. 3-12. The allegations set forth in these pages are rambling and incoherent.

The remaining pages of the Complaint list an array of purported causes of action without any intelligible supporting factual allegations. For example, Plaintiff alleges the following:

> 1. Petitioner is Forced A Homeless Pauper and Victim of War Crime through Concurrent Negligence;
> 2. Petitioner is Aggrieved of Employment – Occupation, Intellectual Property and Property Rights Infringements
> through Unjust Enrichments and Court Ordered GENOCIDES;
> ***

---

28 U.S.C. § 1915(e)(2)(B). This section applies to both prisoner and non-prisoner cases. *See, e.g. Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 n.19 (3rd Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); *Jayne v. Pike County Correctional Facility*, 2007 WL 2972579 at *1 n.1 (M.D.Pa. 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, 345 Fed. Appx. 861 (3rd Cir. 2009); *Weimer v. Vanorsdale*, 2007 WL 1653623 at *1 n.1 (W.D.Pa. 2007) (citing cases).

… Petitioner is Aggrieved of Citizenship, as the United States Constitution was Overturned
both in Pennsylvania and all 50 States through the Quasi Judicial and Quasi Legislative Branches
of Government, against Petitioner's Rights, Privileges and Immunities; and, Righful HEIR Entitlements
of the Largest Transfer of Wealth in History of Civil and Cold War Claims [Suvivorship]
Aggrieved of The United States Constitution in its Entirety over A 15 year period, with the last several years being the worst preventable GENOCIDES 18 USC 1091 (a) – (e)
in '2004, '2005, '2006, '2007, '2008, '2009, '2010 and '2011;

***

7. Petitioner is not on Probation, nor Parole – yet is Forced in Retaliatory HOSTILITIES of PROHIBITTED WARS
through unlawful Sanctions: Retaliations, Reprisals, and ongoing Deprivation of Rights Under the Color of Law
through Concurrent Negligence; Criminal Maintenance and A Conspiracy Against Petitioner's Rights;
including but not limited to violations of the International Humanitarian Law Additional Protocol I 1977 Preamble
Articles 1- 147; and Article 4, on Legal Matters; wherein TREASON, PERFIDY and BREACHES occurred;

***

12. Petitioner is Aggrieved of Eldest son and Youngest Daughter convicted of far less Crimes accused of; then
those committed against them unserved to anyone or any body; serving sentences up to thirty (30) to
forty (40) years; Petitioner is Aggrieved, while observing the deteration of Petitioner's young families of preventable
Retaliatory GENOCIDES and the DESTRUCTION of Religious Properties without Relief's pursuant to 18 USC 247;

13. Petitioner is Aggrieved of ailing Elderly Mother whom was recently released from St. Vincent's Hospital
after having surgery, whom is both proud and independent but is feeble and in need of assistance, for
which Petitioner attempts to help as much as is allowed, and tolerable while in Mother's residence;

14. Petitioner is Aggrieved of Health, Life, Blessed Liberties of the Preamble of the U.S. Const., together with
the U.S. Const., in its Entirety; the Constitution of Pennsylvania by STATUES and the HOME RULE CHARTER

3

while being denied Life, Liberty and the Pursuits of Happiness on all Fronts of
Religious Rights;
Civility, Economic Equalities, and, Privileges and Immunities affected by the
Prohibitted Warfare's violating
the GENEVA CONVENTION on Detainee Treatment 42 USC 21D; Torture 18
USC 113C 2340 A, B;
War Crimes pursuant to 18 USC 2441 – 2442; Psychological and International
Terrorism pursuant to
18 USC 2331- 2333;

\*\*\*

[ECF No. 4], Complaint pp. 13-17.

Plaintiff's remaining filings are equally unintelligible. A document entitled "Motion Court Writ Mandamus" [ECF No. 2] seeks a "T.R.O. from an imminent arrest", and states that "Petitioner is aggrieved over 15 yr period and the actual claimant to civil and cold war claims aggrieved by the Govt." In a document entitled "Emergency Appeal Court of Conscience and Equitable Relief" [ECF No. 7], Plaintiff quotes Bible verses throughout, and her remaining fifteen (15) Motions [ECF No. 8] – [ECF No 23] are rambling and incoherent as well.

For the foregoing reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and all related motions will be denied. Given the delusional nature of these pleadings, I find that they are incapable of being cured by amendment. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3rd Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).

AND NOW, this 14th day of February, 2012, and for the reasons set forth above, IT IS HEREBY ORDERED THAT this action is DISMISSED *sua sponte* with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). IT IS FURTHER ORDERED that all pending motions are DENIED. The clerk is directed to mark the case closed.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record